AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means    ☐ Original    ☐ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

District of Oregon

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>A seized digital located at the ATF Eugene Field Office<br>as described in Attachment A | )<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. 6:26-mc-374

## ORIGINAL

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____Oregon_____
*(identify the person or describe the property to be searched and give its location)*:

A seized digital located at the ATF Eugene Field Office as described in Attachment A hereto.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:
The information and items set forth in Attachment B hereto.

**YOU ARE COMMANDED** to execute this warrant on or before _____April 20, 2026_____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.    ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to ___U.S. Magistrate Judge Amy E. Potter via Clerk___ .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:    04/07/2026 5:04 pm

*Judge's signature*

City and state:    Eugene, Oregon

Amy E. Potter, United States Magistrate Judge
*Printed name and title*

AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| **Return** | | |
|---|---|---|
| Case No.:<br>6:26-mc-374 | Date and time warrant executed:<br>April 13, 2026   2:13pm | Copy of warrant and inventory left with: |
| Inventory made in the presence of :<br>ATF  SA  Heidi  Wallace | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

unable to extract any data from the device due to forensic software capabilities

KH

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 5/7/2026

*Kathryn Holka-Sears*
*Executing officer's signature*

Kathryn Holka-Sears, Special Agent
*Printed name and title*

## ATTACHMENT A

### Property to Be Searched

The property to be searched is a Black Google cellular telephone in a red case. The device is assigned item number 19, under case number 26-02547, and is currently located on the premises of the ATF Eugene Field Office, 874 Seneca Rd. Eugene, Oregon 97402, in the Evidence room. Photographs of the Device follow:



**Attachment A**                                     **USAO Version Rev. July 2015**

## ATTACHMENT B

### Items to Be Seized

1.      All records on the Device described in Attachment A that relate to violations of 18 U.S.C § 922(g)(1) and 18 U.S.C § 922(j) and involve Charles Deckard since November 2025, including:

a.      Images and videos of firearms, firearms accessories, and ammunition.

b.      Communications with the UCA and the CI regarding the Target Offenses.

c.      Communications with coconspirators or other individuals regarding the theft, possession or sale of firearms and stolen firearms.

d.      Information regarding firearms customers or potential customers and related identifying information.

e.      Types, amounts, and prices of firearms trafficked as well as dates, places, and amounts of specific transactions.

f.      Information related to sources of firearms (including names, addresses, phone numbers, or any other identifying information).

g.      Information recording Deckard's schedule or travel from November 1, 2025 to the present.

h.      Financial records and records of the disposition of proceeds from the sale of firearms.

i.      Records and information, including notes, writings, voicemails, calendar entries and social media posts regarding Deckard's possession, efforts to obtain, and the sale of firearms and ammunition, and his motivation for doing so.

2.      Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

3.      Records evidencing the use of the Internet, including:

a.      Records of Internet Protocol addresses used.

b.      Records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

c.      Records of data storage accounts and use of data storage accounts.

4.      As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

### Search Procedure

5.      The examination of the Device may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the Device to human inspection in order to determine whether it is evidence described by the warrant.

6.      The review of the Device will be performed within a reasonable amount of time not to exceed 365 days from the date of execution of the warrant.  If the government needs additional time to conduct this review, it may seek an extension of the time period from the Court within the original 365-day period from the date of execution of the warrant.  If the

**Attachment B**                                                                                                   **Page 2**

government needs additional time to complete this review, it may seek an extension from the Court.

7.      If, at the conclusion of the examination, law enforcement personnel determine that particular files or file folders on the Device or image do not contain any data falling within the scope of the warrant, they will not search or examine those files or folders further without authorization from the Court.  Law enforcement personnel may continue to examine files or data falling within the purview of the warrant, as well as data within the operating system, file system, software application, etc., relating to files or data that fall within the scope of the warrant, through the conclusion of the case.

8.      If an examination is conducted, and it is determined that the Device does not contain any data falling within the ambit of the warrant, the government will return the Device to its owner within a reasonable period of time following the search and will seal any image of the Device, absent further authorization from the Court.

9.      If the Device contains evidence, fruits, contraband, or is an instrumentality of a crime, the government may retain the Device as evidence, fruits, contraband, or an instrumentality of a crime or to commence forfeiture proceedings against the Device and/or the data contained therein.

10.     The government will retain a forensic image of the Device for a number of reasons, including proving the authenticity of evidence to be used at trial, responding to questions regarding the corruption of data, establishing the chain of custody of data, refuting claims of fabricating, tampering, or destroying data, and addressing potential exculpatory evidence claims where, for example, a defendant claims that the government avoided its obligations by destroying data or returning it to a third party.

**Attachment B**                                                                                              **Page 3**